**Criminal law ⚫15—Where law is repealed before judgment becomes final, conviction will be dismissed.**

Where the sole count in an indictment charged, and defendant was convicted of, unlawful possession of equipment for making intoxicating liquor, and the phase of the statute denouncing such offense was omitted in amending the law (Acts 37th Leg. [1921] First and Second Called Sess. c. 61), the conviction will be reversed and prosecution dismissed, in obedience to Pen. Code 1911, art. 16, exempting from punishment those offending against a law subsequently repealed before the judgment becomes final.

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Ben Holland was convicted of having unlawful possession of equipment for making intoxicating liquor, and appeals. Reversed, and prosecution dismissed.

Fairchild & Redditt, of Lufkin, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The sole count in the indictment charged, and the appellant was convicted of, the unlawful possession of equipment for making intoxicating liquor. The phase of the statute denouncing this offense having been omitted in amending the law on the subject, it becomes necessary, in obedience to article 16 of the Penal Code, exempting from punishment those offending against a law subsequently repealed before the judgment becomes final, to order that the judgment be reversed and the prosecution dismissed. Chapter 61, Laws of the 37th Leg., First and Second Called Sessions; Frank Cox v. State, 234 S. W. 531, recently decided.

## WHITELY et al. v. STATE. (No. 6518.)

(Court of Criminal Appeals of Texas. Nov. 30, 1921.)

**1. Criminal law ⚫1144(7)—In absence of bill of exceptions, presumed that refusal of continuance was proper.**

Where no bill of exceptions was taken to a refusal of a continuance, it will be inferred on appeal that the court's refusal was acceptable to defendants, and that no error could be claimed.

**2. Criminal law ⚫1090(8)—Errors in reception of evidence not considered, in absence of bills of exceptions.**

Errors in the reception of evidence complained of in defendants' motion for new trial cannot be considered on appeal, in the absence of bills of exceptions.

Appeal from District Court, Sterling County; C. E. Dubois, Judge.

Carrol and Joel Whitely were convicted of burglary, and appeal. Affirmed.

Anderson & Upton, of San Angelo, for appellants.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellants were convicted in the district court of Sterling county of burglary, and their punishment fixed at two years in the penitentiary.

[1] When the case was called for trial a continuance was sought by appellants. To its refusal no bill of exceptions was taken. In this condition of the record we can only infer that the court's refusal was acceptable to appellants, and that no error could be claimed. Vernon's C. C. P. p. 529, for collation of authorities.

[2] The record is barren of exceptions to the charge of the court or anything else. One special charge was asked, which was given. The motion for new trial complains of errors in the reception of evidence, but, in the absence of bills of exceptions presenting such matters, we cannot consider the complaints. No question is raised as to the sufficiency of the evidence to support the verdict, and a discussion of the facts is omitted.

The judgment of the trial court is affirmed.

## CORZINE v. STATE. (No. 6501.)

(Court of Criminal Appeals of Texas. Nov. 30, 1921.)

**Criminal law ⚫1094—Conviction affirmed in absence of statement of facts or bill of exceptions.**

Where the record on appeal is without statement of facts and bill of exceptions, and no reason appears for reversing the trial court's judgment, the conviction will be affirmed.

Appeal from District Court, Hunt County; Geo. B. Hall, Judge.

John Corzine was convicted of assault with intent to murder, and appeals. Affirmed.

See, also, 88 Tex. Cr. R. 340, 226 S. W. 686.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction was for assault with intent to murder. Punishment, two years in penitentiary.

The record is before us without statement

of facts or bills of exceptions. We have discovered no reasons why the judgment of the trial court should be reversed, and the same is therefore ordered affirmed.